IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
J. WAYNE RAIFORD and B, T & R    *
ENTERPRISES, LLC,                *
                                 *
     Plaintiffs,                 *
                                 *
     v.                          *    CV 111-152
                                 *
NATIONAL HILLS EXCHANGE, LLC;    *
SNELLVILLE CROSSING, LLC;        *
RICHARD D. SWOPE; RONALD J.      *
DeTHOMAS; JAMES S. TIMBERLAKE;   *
THOMAS L. ABERNATHY; and         *
STEVEN E. GAULTNEY,              *
                                 *
     Defendants.                 *
```

O R D E R

This matter is now before the Court on Plaintiffs J. Wayne Raiford and B, T & R Enterprises, LLC's ("Plaintiffs") Motion for Attorney's Fees and Statement of Costs (Doc. 143). On May 7, 2014, this Court held a hearing on Plaintiffs' amended motion for leave to file a motion for sanctions and corresponding motion for sanctions (Doc 130. & Ex. 1). Based upon documents obtained through third-party discovery in a related proceeding and several prior instances of misconduct that Plaintiffs elected to absorb for the sake of moving the litigation forward, Plaintiffs alleged that Defendants intentionally withheld information responsive to discovery requests. After fully considering the parties' briefs, the record, and the arguments made at the hearing, the Court orally granted both motions. (See Docs. 136, 139, 140.) The

Court ultimately found that the individual Defendants exhibited a pattern of bad faith obstruction of discovery in this case. Considering the degree of misconduct, the prejudice caused by the misconduct, and the need to sufficiently punish and deter such misconduct, the Court imposed several sanctions, including an award to Plaintiffs for the costs of preparing, filing, and arguing the motion for sanctions. (Doc. 139.)

Plaintiffs have submitted to the Court a request and supporting documentation for $33,410.00 in fees, representing 123.4 hours of attorney time split between two partners and one associate at Warlick, Tritt, Stebbins & Murray, LLP. (Doc. 143 at 1 & Ex. B ("Sentell Decl."), ¶ 9.) Defendants contend this statement of costs is excessive and contains numerous unnecessary and redundant hours.[1] The Court agrees.

## I. DISCUSSION

"The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008) (internal quotations omitted). In determining what is a "reasonable" hourly

---

[1] Defendants also collaterally contest the validity of the Court's May 7, 2014 oral rulings, specifically the Court's use of its inherent authority to sanction Defendants for their misconduct during discovery. (Defs.' Resp., Doc. 146, at 1-2; Defs.' Sur-Reply, Doc. 155, at 1-3.) At no point have Defendants formally moved for the Court to reconsider those rulings, and the Court will not construe the minimal argument presented by Defendants in their brief and sur-reply as so moving.

2

rate and what number of compensable hours is "reasonable," the court must consider the twelve factors[2] enumerated in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). Id. The product of these two figures is the "lodestar." Id. After calculating the lodestar, the Court may then consider whether it should be adjusted upwards or downwards. Norman v. Hous. Auth., 836 F.2d 1292, 1302 (11th Cir. 1988); Lambert v. Fulton Cnty., 151 F. Supp. 2d 1364, 1369 (N.D. Ga. 2000). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303. The Court should also be mindful that a request for attorney's fees "should not result in a second major litigation." Id.

A. **Reasonable Hourly Rate**

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299. The "going rate" in the community is the most critical factor in setting the fee rate. Martin v. Univ. of S. Ala., 911 F.2d 604, 610 (11th Cir. 1990). The relevant legal community is

---

[2] The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Bivins, 548 F.3d at 1350 n.2.

3

the district in which the court sits. Knight v. Alabama, 824 F. Supp. 1022, 1027 n.1 (N.D. Ala. 1993) (citing Turner v. Sec'y of Air Force, 944 F.2d 804, 808 (11th Cir. 1991)). Because the Court is itself considered an expert on hourly rates in the community, it may consult its own experience in forming an independent judgment. Norman, 836 F.2d at 1303.

Plaintiffs seek an hourly rate of $300.00 per hour for Mr. Warlick's and Mr. Stebbins' time, and $200.00 per hour for Mr. Huff. (Sentell Decl. ¶ 9.) Defendants do not challenge the reasonableness of these hourly rates. (Defs.' Resp., Doc. 146, at 2 n.1.) This Court, however, has previously approved $250.00 per hour as a reasonable billing rate in the Augusta legal market. See Guzman v. Consumer Law Grp. et al., No. 1:11-cv-187, Doc. 91 (S.D. Ga. Nov. 6, 2012); Johnson v. YKK Am., Inc., No. 3:07-cv-048, Doc. 171 (S.D. Ga. Apr. 29, 2010); Ingram v. Kellogg's Sales Co., No. 1:09-cv-021, Doc. 39 (S.D. Ga. Feb. 24, 2010); Salazar v. Milton Ruben Chevrolet, Inc., No. 1:06-cv-195, Doc. 86 (S.D. Ga. Mar. 6, 2009). More recently, in recognizing that two years have passed since the Court assessed the above-mentioned cases, the Court approved $275.00 per hour as a reasonable billing rate. M.I.T., Inc. v. Medcare Express, N. Charleston, LLC et al., No. 1:14-cv-081, Doc. 12 (S.D. Ga. Oct. 14, 2014). Upon consideration of the relevant legal market, the underlying discovery dispute at issue in this case, and counsel's

experience and expertise, the Court sets the billing rate at $275.00 per hour for Mr. Warlick and Mr. Stebbins. The Court will make a proportional downward adjustment to Mr. Huff's associate hourly rate, thereby arriving at $183.00.

B. <u>Hours Reasonably Expended</u>

When exercising proper "billing judgment," attorneys must exclude excessive, redundant, or otherwise unnecessary hours from fee applications. <u>ACLU of Ga. v. Barnes</u>, 168 F.3d 423, 428 (11th Cir. 1999). "[H]ours excluded are those that would be unreasonable to bill a client" without reference to the skill, reputation, or experience of counsel. <u>Norman</u>, 836 F.2d at 1301. "[A] lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis." <u>Id.</u>

If fee applicants do not exercise billing judgment, courts should do it for them. See <u>Barnes</u>, 168 F.3d at 428 ("Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."). The decision to prune hours is thus squarely within the Court's discretion. <u>Columbus Mills v. Freeland</u>, 918 F.2d 1575, 1580 (11th Cir. 1990) (citing <u>Norman</u>, 936 F.2d at 1301). If

5

a district court does find that the number of hours claimed is unreasonably high, "[it] has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins, 548 F.3d at 1350.

Plaintiffs submitted an itemized record of the time counsel attributed to the sanctions motion — including the date, attorney, and nature of the work performed. (Doc. 143, Ex. A ("Timesheet").) The Timesheet covers the period between February 20, 2014, four days after receiving the document production that precipitated the motion, and May 7, 2014, the day the parties argued before the Court. (Id. at 1.) Between Mr. Stebbins and Mr. Huff, counsel spent 63.6 hours reviewing the record; researching; drafting; finalizing the motion, briefs, and the corresponding exhibits; filing the motion; and creating correspondence to send to Defendants' counsel about the same. (See id. at 1-2.) After expending 20 hours preparing and submitting their reply to Defendants' three-page response, Mr. Stebbins and Mr. Huff spent an additional 30.8 hours preparing for the hearing. (See id. at 2-4.) Mr. Warlick's role was minimal, consulting at an early stage and later attending the hearing. (See id. at 2, 4.) Indeed, Plaintiffs now withdraw two hours from their submission for Mr. Warlick's hearing attendance, conceding that it is "excessive to charge for three lawyers' appearance." (Stebbins Am. Aff., Doc. 152, at 6.)

6

Mr. Stebbins justifies his firm's considerable dedication of time to the sanctions motion by emphasizing the "extraordinary nature" of the issue and corresponding relief, as well as his belief that "[i]t would have been irresponsible for Plaintiffs to fail to prepare all aspects of their motion and to be prepared to address all the factual and legal points that might have arisen at argument" despite Defendants' own conciseness. (Pls.' Reply, Doc. 149, at 2; Stebbins Am. Aff. ¶ 4.) Mr. Stebbins further contends that it is customary to involve more than one lawyer in a case of such magnitude, and Mr. Huff's assignments were discrete, well-documented, and necessary given the looming civil motions deadline, which Plaintiffs in fact did not make. (Stebbins Am. Aff. ¶ 1; see also generally Huff Aff., Doc. 150.) Mr. Huff assisted Mr. Stebbins with document review, research, and drafting certain sections of the brief. (Id.) Defendants respond simply that "given the simple question presented by the discovery dispute," the Court should deduct "at least half" of the "disproportionate," "inordinate," and "excessive" hours for which Plaintiffs' counsel claims they are owed. (Defs.' Resp. at 3.)

The Court finds the fees claimed by Plaintiffs' counsel are excessive and unreasonable. In determining what number of compensable hours *is* reasonable, the Court must consider the novelty and difficulty of the questions presented and the time and labor reasonably required given the experience, reputation, and

7

abilities of the specific attorneys involved. Bivins, 548 F.3d at 1350 n.2. These factors are especially relevant in this case.

First, the legal issues before the Court in the sanctions motion and subsequent hearing were fairly simple. They addressed a *discovery* matter, not the underlying merits of the contractual dispute in this case. The Court's authority to sanction parties for discovery abuses under the Federal Rules of Civil Procedure or pursuant to its own authority when a party acts in bad faith has been settled since 1991. See generally Chambers v. NASCO, Inc., 501 U.S. 32 (1991); see also Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1302 & n.1, 1305-07 (11th Cir. 2009). To be sure, there were nuances in this case, (see, e.g., Hearing Tr., Doc. 140, at 12 (Mr. Stebbins explaining that "one of the reasons that it took [him] so long to put this motion together was [his] concern about whether, as here where there is no order compelling discovery, there was a sufficient basis for the Court to enter its opinions"), but nothing of traditional complexity. Cf. Martin v. Augusta-Richmond Cnty., Ga., Comm'n, No. CV 112-058, Doc. 80 (S.D. Ga. Nov. 28, 2012) (awarding $21,856.00 in attorney's fees for 75.77 hours of reasonable compensable time — reduced from 114.17 hours — in successful Voting Rights Act case seeking reapportionment of districts for the Augusta-Richmond County Commission and the Board of Education).

Moreover, though the Court does not discredit the volume of documents Plaintiffs' counsel had to manage and review in order to factually substantiate the sanctions motion, it notes that Plaintiff's counsel was not working from scratch. The question of Defendants' misconduct was an easy one. Indeed, the Court previously outlined Defendants' prior transgressions in its Order on Defendants' Motion for Summary Judgment (Doc. 118 at 32-34 & n.32), leaving only the newly-discovered documents to be scrutinized. Upon review of the time records and previous filings, the Court discerns that counsel must have unearthed Defendants' latest discovery abuses from the new, full production *within four days*, during which Mr. Stebbins also likely was preparing for a deposition. (Timesheet at 1 (identifying February 20, 2014 as the initiation of Plaintiffs' sanctions investigation, "suggested by Bullock Mannelly document production"); Pls.' Am. Mot. Sanctions, Doc. 130-2, at 4 (identifying February 16, 2014 as the date of delivery of the Bullock Mannelly document production); Bullock Dep., Doc. 138, at 2 (identifying Ms. Stebbins as deposing counsel at February 25, 2014 deposition of Mr. Alan Bullock).)

Second, Plaintiffs' counsel billed over 60 hours for time related to preparing the sanctions motion, over 40 of which are attributable solely to Mr. Stebbins' own preliminary inquiries, research, drafting, etc. Notwithstanding the 20.2 extra hours Mr. Huff contributed to this effort, such billing is excessive. Mr.

9

Stebbins is an exceptionally seasoned litigator with over 30 years' experience practicing in the Southern District of Georgia. The Court also finds, for instance, the amount of time spent on the hearing — nearly 30 hours between Mr. Stebbins and Mr. Huff — to be excessive, particularly as (1) they freshly had expended 20 hours preparing the reply brief to Defendants' three-page response, and (2) Defendants' sur-reply presented no new argument, but instead was a mere rehash of their discontent with the Court's May 7, 2014 Order. Hindsight is 20/20, but the hearing lasted hardly two hours, and the parties largely reiterated orally what they argued in their submissions. (See Hearing Tr., Doc. 140.)

In summary, the Court finds that a 40 percent across-the-board cut in the number of hours claimed is appropriate. See Bivins v. Wrap It Up, Inc., 380 F. App'x 888, 891 (11th Cir. 2010) (affirming the district court's application of 85 and 40 percent across-the-board reductions for trial and subsequent appeal, respectively, of a successful civil rights action because neither stage of the litigation involved novel legal issues, was "undesirable," or required a higher level of skill); St. Fleur v. City of Fort Lauderdale, 149 F. App'x 849, 853 (11th Cir. 2005) (affirming the district court's across-the-board 30 percent reduction in a successful civil rights action where the plaintiff's lawyers' claimed hours included time spent on duplicated efforts, excessive meetings, billing for

10

administrative tasks, and senior counsel's billing for legal research that could have been assigned to an associate or paralegal, among other items).

After withdrawing two hours for Mr. Warlick's attendance at the hearing and then reducing the total submitted hours by 40 percent, that leaves 72.84 hours of reasonably billed time, 51.18 of which may be billed at the partnership rate[3] and the remaining 21.66 at Mr. Huff's associate rate,[4] for a total fee award of $18,038.28.

## II. CONCLUSION

The Court does not make light of Plaintiffs' carefully considered decision to levy serious accusations of misconduct upon the individual Defendants in this case. Nor does it discount the effect of the individual Defendants' apparent dishonesty and persistent unwillingness to fulfill their obligations to Plaintiffs and this Court on the entirety of these proceedings, which have become increasingly contentious. Nevertheless, the Court cannot award fees that are unreasonable so as to result in a windfall. Based upon the foregoing, the Court finds the lodestar in this case to be $275.00/hour and $183.00/hour at 51.18 and 21.66 hours, respectively. Pursuant to the Court's May 7 and May

---

[3] Mr. Warlick and Mr. Stebbins billed 85.3 hours combined after deducting two hours for Mr. Warlick's attendance at the hearing. (Timesheet at 4.) 51.18 hours represents 60 percent of the 85.3-hour total.
[4] Mr. Huff billed 36.1 hours. (Timesheet at 4.) 21.66 hours represents 60 percent of the 36.1-hour total.

11

15, 2014 Orders (Docs. 136, 139), therefore, the Court hereby **AWARDS** to Plaintiffs the sum of **$18,038.28** in costs, to be paid within **FOURTEEN DAYS** (Doc. 160).

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of November, 2014.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA