IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
J. WAYNE RAIFORD and B, T & R      *
ENTERPRISES, LLC,                  *
                                   *
      Plaintiffs,                  *
                                   *
      v.                           *    CV 111-152
                                   *
NATIONAL HILLS EXCHANGE, LLC;      *
SNELLVILLE CROSSING, LLC;          *
RICHARD D. SWOPE; RONALD J.        *
DeTHOMAS; JAMES S. TIMBERLAKE;     *
THOMAS L. ABERNATHY; and           *
STEVEN E. GAULTNEY,                *
                                   *
      Defendants.                  *
```

# O R D E R

On May 7, 2014, this Court held a hearing on Plaintiffs' amended motion for leave to file a motion for sanctions and corresponding motion for sanctions (Doc 130. & Ex. 1). Based upon documents obtained through third-party discovery in a related proceeding and several prior instances of misconduct, Plaintiffs alleged that Defendants intentionally withheld information responsive to discovery requests. After fully considering the parties' briefs, the record, and the arguments made at the hearing, the Court orally granted both motions. (See Docs. 136, 139, 140.) The Court ultimately imposed several sanctions, including authorizing Plaintiffs to conduct a

forensic examination of Defendants' computers, cell phones, and similar devices at Defendants' expense. (Doc. 139.)

Plaintiffs filed a Motion for Order to Show Cause on October 20, 2014 in which they asked the Court to make RBS Consulting, LLC ("RBS") - the firm that Plaintiffs retained to conduct the forensic audit - appear for a hearing, refund certain monies, and deliver copies of computerized data to Plaintiffs. (Docs. 163, 164.) Defendants in turn filed the affidavit of Ronald J. DeThomas, which in five short paragraphs outlines Mr. DeThomas's interaction with Robert Bonenfant, an RBS employee, on the day RBS commenced the forensic audit at Abernathy & Timberlake. (Doc. 165.) In short, neither Plaintiffs nor Defendants are satisfied with the other's handling of the RBS contract, and both refuse to pay the near $60,000 bill. RBS has refused to proceed with further analysis, and consequently, the parties will not complete discovery as mandated in the Court's amended scheduling order.

After review of the documents submitted by the parties and recognizing that this dispute may further impede resolution of this case — which has been ongoing for over three years — the Court concludes a hearing is necessary. A hearing shall be held on **THURSDAY, NOVEMBER 13, at 10:00 A.M.** in Courtroom 2 of the Federal Justice Center located at 600 James Brown Boulevard, Augusta, Georgia, 30901. The Court **DIRECTS** Plaintiffs and

2

Defendants to (1) produce the necessary and appropriate witnesses to testify as to any representations, promises, or other negotiations made with respect to the RBS contract, and (2) coordinate and secure the attendance of an RBS representative who can do the same.

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of November, 2014.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA