IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
J. WAYNE RAIFORD and B, T & R        *
ENTERPRISES, LLC,                    *
                                     *
        Plaintiffs,                  *
                                     *
             v.                      *    CV 111-152
                                     *
NATIONAL HILLS EXCHANGE, LLC;        *
SNELLVILLE CROSSING, LLC;            *
RICHARD D. SWOPE; RONALD J.          *
DeTHOMAS; JAMES S. TIMBERLAKE;       *
THOMAS L. ABERNATHY; and             *
STEVEN E. GAULTNEY,                  *
                                     *
        Defendants.                  *
```

**O R D E R**

On November 17, 2014, the Court held a hearing on Plaintiffs' Motion for Order to Show Cause. In that motion, Plaintiffs asked the Court to make RBS Consulting, LLC ("RBS"), a computer forensics firm retained by Plaintiffs to conduct an audit that the Court authorized as a sanction against Defendants, appear and substantiate its billing records. (Doc. 136; see also Doc. 139.) RBS appeared at the hearing and, through counsel, consented to the Court's jurisdiction for the purpose of resolving the billing and discovery dispute.

After fully considering the parties' filings and oral arguments, including those presented by RBS, the Court found no evidence to suggest that the bills submitted by RBS are unreasonable. Given the escalating costs of the audit and both parties' failure to exercise proper diligence at the commencement of this undertaking, the Court imposed the following conditions:

(1) Defendants shall reimburse Plaintiffs' $58,650 for amounts billed and paid on RBS's two June 5, 2014 invoices within **14 DAYS** of the date of this Order;

(2) Defendants shall pay RBS's outstanding $13,000 September 1, 2014 invoice for initial image processing and limited key word searches within **14 DAYS** of the date of this Order;

(3) Plaintiffs shall pay all costs associated with the completion of the audit and analysis by RBS, or any substitute contractor approved by the parties, up to $40,000;

(4) Should the parties determine — after good-faith discussions amongst themselves and consultation with RBS or a substitute contractor — that costs to complete the audit will exceed $40,000, the parties shall split any additional costs equally; and

(5) The parties shall pay RBS's costs associated with the November 17, 2014 hearing — including preparation time, expenses, and attorney's fees — in equal shares.[1]

The Court hereby **DIRECTS** the Clerk to **TERMINATE** Plaintiffs' Motion for Order to Show Cause. (Doc. 163.) Further, taking into consideration RBS's conservative estimate of the time needed to complete the next phase of analysis, which cannot begin until the parties reach an agreement as to the search terms, the Court extends the time to complete discovery until **MARCH 1, 2015**.

**ORDER ENTERED** at Augusta, Georgia, this 19th day of November, 2014.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The amount of such costs, including the fee award for RBS's counsel, is subject to the Court's review and approval upon its receipt of time records and other supporting documentation, if any.

2