IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| J. WAYNE RAIFORD and<br>B, T & R ENTERPRISES, LLC<br>    Plaintiffs,<br><br>vs.<br><br>NATIONAL HILLS EXCHANGE, LLC,<br>SNELLVILLE CROSSING, LLC,<br>RICHARD D. SWOPE,<br>RONALD J. DeTHOMAS,<br>JAMES S. TIMBERLAKE,<br>THOMAS L. ABERNATHY, and<br>STEVEN E. GAULTNEY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CASE NO. 1:11-CV-00152 |

## DEFENDANTS' OBJECTIONS TO EXHIBITS PROFFERED BY PLAINTIFFS

Defendants object to the admission into evidence of Plaintiffs' Exhibits identified by the number given to the exhibit on Plaintiffs' Exhibit List.

    <u>Exhibit 10 - Email correspondence from Michael Brown.</u>  Irrelevant as Mr. Brown is not a party to the case.  Irrelevant as it has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.

    <u>Exhibit 12 - Gaultney email of March 22, 2011.</u>  Irrelevant as it has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.

    <u>Exhibit 13 - Option Agreement, April 22, 2011.</u>  Irrelevant as it has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.

    <u>Exhibit 16 - Copy of $1,000,000 note from KHY & Associates, LLC to James Timberlake, April 21, 2011; Copy of $1,000,000 note from KHY & Associates, LLC to Thomas L. Abernathy, April 21, 2011; with cover letter</u>

01023680.docx

from Mr. Hudson.  Irrelevant as it has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object to admitting a cover letter from Plaintiffs' counsel.

Exhibit 17 - Memorandum from Richard Atkins to Defendants.  Irrelevant as it has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.

Exhibit 18 - Email exchange between Mike Brown, Wayne Raiford and Jim Timberlake, December 1, 2010 through January 12, 2011.  Defendants object to the page of the exhibit that is only with non-party Brown as communications with him are irrelevant.  Defendants also object as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.

Exhibit 19 - Email exchange between Mike Brown and Jim Timberlake, April 26, 2011 through July 19, 2011.  Defendants object because emails to and from non-party Brown are irrelevant.  Defendants also object because the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.

Exhibit 20 -  Email from Timberlake to Brown and Raiford, April 26, 2011, with summary.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.

Exhibit 21 - Email exchange between Timberlake and Brown, April 18-19, 2011.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.

Exhibit 22 - Email exchange between Timberlake, Brown and Raiford, April 26-27, 2011.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.

Exhibit 23 - Email from Tom Abernathy to Mike Brown, June 27, 2011.  Defendants object because emails to and from non-party Brown are irrelevant.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.

Exhibit 24 - Closing Statement for purchase by 2701 Partners LLC of 100% of the stock of NHEP LLC, June 17, 2011.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.

Exhibit 25 - Loan Closing Statement, Atlantic Capital Bank of NHEP, June 17, 2011.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.

Exhibit 26 - Plaintiffs' Interrogatory No. 5 and Defendants' response dated December 13, 2011, with verification by Mr. Timberlake.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 27 - Defendants Supplemental Discovery Response dated December 15, 2011.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 28 - Defendant's [sic] Responses to Plaintiffs' Second Interrogatories and Requests for Production Addressed to All Defendants, dated December 27, 2011.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 29 - Verification of Richard Swope, April 11, 2012.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 30 - Verification of Ronald DeThomas, April 11, 2012.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 31 - Verification of Steven Gaultney, April 11, 2012.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 32 - Verification of Thomas Abernathy, April 11, 2012.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 33 - Defendants' Supplement to Discovery Responses. Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 34 - Supplemental Discovery Response by Defendants, April 24, 2012.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price. Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 35 - Email exchange between David Hudson and Charles Stebbins, April 24, 2012.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 36 - Responses of Thomas L. Abernathy to Discovery Requests of Plaintiffs.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price. Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 37 - Email exchange between David Hudson and Charles Stebbins, April 12, 2012.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 38 - Emails from Timberlake to Brown, July 11, 2011 and May 17, 2011.  Defendants object to the page of the exhibit that is only with non-party Brown as communications with him are irrelevant.  Defendants also object as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.

Exhibit 39 - CB Richard Ellis appraisal.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 40 - Email exchange between Timberlake and David Hudson, October 25-26, 2011.  Defendants object because these documents pertain to privileged communication between Defendants and counsel. Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 57 - Summary of Terms & Conditions from Atlantic Capital Bank (February 28, 2011).  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 66 - Internal Electrolux email dated January 25, 2011.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 67 - Electrolux email from January 26, 2011.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 68 - Electrolux email from January 29, 2011.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 69 - Electrolux emails from January 25, 2011 and January 31, 2011.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 72 -  Fresh Market RE committee approval Koch Depo Exhibit 4.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 73 - Second Amendment to Fresh Market Lease dated April 22, 2011.   Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 74 - Emails related to Amendment to Fresh Market Lease.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 77 - Email from Brown to Timberlake on November 29, 2010.
Defendants object to the page of the exhibit that is only with non-party Brown as communications with him are irrelevant.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 78 - Email from Timberlake to Brown November 29, 2010.
Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 79 - Email chain from March 1, 2011 from Fischer to Swope.
Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 80 - Email from Brown to Timberlake on January 6, 2011.
Defendants object to the page of the exhibit that is only with non-party Brown as communications with him are irrelevant.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 81 -  Email from Timberlake to Brown January 6, 2011.
Defendants object to the page of the exhibit that is only with non-party Brown as communications with him are irrelevant.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 82 - Email from Timberlake to Brown January 12, 2011.
Defendants object to the page of the exhibit that is only with non-party Brown as communications with him are irrelevant.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 83 - Email from Brown to Timberlake on January 12, 2011.
Defendants object to the page of the exhibit that is only with non-party Brown as communications with him are irrelevant.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any

Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 84 - Email from Timberlake to Brown on January 13, 2011. Defendants object to the page of the exhibit that is only with non-party Brown as communications with him are irrelevant.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 85 - Email from Brown to Timberlake on February 14, 2011. Defendants object to the page of the exhibit that is only with non-party Brown as communications with him are irrelevant.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 86 -  Email from Timberlake to Brown on February 15, 2011. Defendants object to the page of the exhibit that is only with non-party Brown as communications with him are irrelevant.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 87 -  Letter from Warlick to Abernathy March 15, 2011.   Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 88 - Letter from Timberlake responding to Warlick's letter and attached emails.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 89 -  Email from Brown to Abernathy April 18, 2011.  Defendants object to the page of the exhibit that is only with non-party Brown as communications with him are irrelevant.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 90 - Email from Timberlake to Brown April 19, 2011.  Defendants object to the page of the exhibit that is only with non-party Brown as communications with him are irrelevant.  Irrelevant as the exhibit has no

probative value to whether a forced sale was required or if any Defendant impacted the sales price. Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 91 - Email from Timberlake to Brown April 26, 2011.  Defendants object to the page of the exhibit that is only with non-party Brown as communications with him are irrelevant. Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price. Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 92 - Articles of Organization of NHEP.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price. Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 95 - Marshall Vann appraisal.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price. Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 96 - Deed to Secure Debt between Timberlake/Abernathy and KHY.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price. Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 97 - February 3, 2011 letter from Electrolux counsel regarding execute lease.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price. Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 99 - Electrolux Letter of Intent with track changes.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price. Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 100 - FDIC Loss Mitigation Guidance.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price. Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 101 - Financial Schedules for NHX.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any

Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 104 - Letter from Hudson to Warlick dated May 25, 2012 enclosing two promissory notes.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.  Defendants also object to including correspondence from one counsel to another in the case since transmittal letters would not be relevant.

Exhibit 107 - NHEP Draw # 1.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 108 - Plaintiffs' First Request for Production of Documents.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 109 - Defendants' Response to Plaintiffs' First Request for Production of Documents.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 110 - Email exchange between Hudson and Stebbins re: verifications.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 112 - Sources & Uses of Funds for the National Hills Shopping Center.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

Exhibit 113 - Email exchange between Stebbins and Hudson on April 12, 2012.  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

<u>Exhibit 114 - BM 1369.</u>  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

<u>Exhibit 116 - Email and Letter correspondence between Hudson and Warlick re: monthly operating reports.</u>  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

<u>Exhibit 118 - Abernathy email from January 12, 2011; BM 1441-42.</u>  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

<u>Exhibit 119 - Email from Fischer to Bullock, Zibilich, and Swope on March 1, 2011; BM 778.</u>  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

<u>Exhibit 120 - February 28, 2011 email from Bullock to Timberlake; BM 765.</u>  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

<u>Exhibit 121 -  Email from Fischer on February 4, 2011; BM 783.</u>  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

<u>Exhibit 122 - Email from Timberlake to Linda Garcia on February 9, 2011 and subsequent correspondence.</u>  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

<u>Exhibit 124 - Email from Timberlake to Defendants February 19, 2011; BM 1478.</u>  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

<u>Exhibit 127 - Email between Swope and Jerome February 7, 2011 "working on wrapping this up today…"</u>  Irrelevant as the exhibit has no probative value to whether a forced sale was required or if any Defendant impacted the sales price.  Defendants also object on the basis that discovery disputes between the parties are irrelevant.

This 14th day of October, 2016.

/s/   David E. Hudson
David E. Hudson
Georgia Bar No.:  374450
N. Shannon Gentry Lanier
Georgia Bar No. 289904

Hull Barrett, PC
Post Office Box 1564
Augusta, GA  30903-1564
706-722-4481 Phone
706-722-9779 Fax
dhudson@hullbarrett.com
slanier@hullbarrett.com        ATTORNEYS FOR
                              DEFENDANTS

11

01023680.docx

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and served upon counsel of record by electronic filing as follows:

>Wm. Byrd Warlick, Esq.
>Charles C. Stebbins, III, Esq.
>Warlick, Tritt, Stebbins & Murray, LLP
>P. O. Box 1495
>Augusta, GA  30903-1495

This 14th day of October, 2016.

>/s/ David E. Hudson
>David E. Hudson

01023680.docx