IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| J. WAYNE RAIFORD and | ) | |
| B, T & R ENTERPRISES, LLC | ) | |
|     Plaintiffs, | ) | |
| | ) | Civil Action No. 1:11-CV-00152 |
| v. | ) | |
| | ) | |
| NATIONAL HILLS EXCHANGE, LLC, | ) | |
| SNELLVILLE CROSSING, LLC, | ) | |
| RICHARD D. SWOPE, RONALD J. | ) | |
| DeTHOMAS, JAMES S. TIMBERLAKE, | ) | |
| THOMAS L. ABERNATHY, and | ) | |
| STEVEN E. GAULTNEY, | ) | |
|     Defendants. | ) | |

## PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EXHIBITS

(NUMBERED ACCORDING TO DEFENDANTS' EXHIBIT LIST)
(since Defendants' exhibit list has not been filed, and is not required to be filed, as of the
date of these objections, Plaintiffs append Defendants' exhibit list hereto so as to provide
a key for their objections below)

**Note:  Some of Defendants' exhibits may become irrelevant depending on the Court's
ruling on the motions in limine filed by Plaintiffs and Defendants.**

2A.    This appraisal dated April 20, 2007 is irrelevant as not being related to any issue in

this litigation.  The value of the shopping center in 2007 is irrelevant.  Also, the appraisal

would be hearsay in the absence of testimony from the appraiser, who was not listed as a

witness by Defendants.

3.    This closing statement for the original sale of the property by Plaintiffs to National

Hills Exchange, LLC is irrelevant to any issue in this litigation.

4.    The amended and restated operating agreement of National Hills Exchange, LLC,

adopted in 2009 without notice to Plaintiffs, is irrelevant to any issue in this litigation.

10.     This appraisal was superseded by the December 1, 2010 appraisal and was not the basis for any actions taken by any party. It is therefore irrelevant and potentially confusing and should be excluded as irrelevant and also pursuant to F.R. Evid. 403, in that it would confuse the jury to no purpose.

16.     Irrelevant. This occurred long before the events giving rise to this lawsuit and has no evidentiary value as to any point at issue.

17.     Irrelevant. This occurred long before the events giving rise to this lawsuit and has no evidentiary value as to any point at issue.

29. Objection: So far as Plaintiffs can determine, this document was never furnished in discovery. Also, it appears to be a document prepared after this case began and in anticipation of trial herein and has no evidentiary value in itself.

31. This document is incomplete because it refers to "attached projections" that are not included. Plaintiffs object to an incomplete document being received in evidence.

33. This document should be excluded if Section 6 of Plaintiffs' motion in limine is granted.

36.     Irrelevant. Whether Defendants had to guarantee all or any portion of the new loan they obtained in June of 2011 has no relevance to any point at issue.

38. Objection because this is a duplicate exhibit and should not go out with the jury twice.

39. Objection because this is a duplicate exhibit and should not go out with the jury twice. Also, it is incomplete because it refers to projections attached but these are not attached.

41. Objection because this is a duplicate exhibit and should not go out to the jury twice. Also, this should be excluded if Section 6 of Plaintiffs' motion in limine is granted.

44. Objection because this is incomplete.  It purports to attach an operating statement but does not do so.

46. NO EXHIBIT.

48.  Objection because this is a duplicate exhibit and should not go out to the jury twice. Also, we have been told that this exhibit number should not actually represent an exhibit.

54-56.  Irrelevant.  This occurred long before the events giving rise to this lawsuit and has no evidentiary value as to any point at issue.

61.  Objection because this is a duplicate and should not go out to the jury twice.

62.  Objection:  this appears to be a partial and incomplete copy of another exhibit.  It should not go out to the jury twice and should not go out without the attachment.

64.  Objection because this is incomplete.  It does not include the attachment referenced.

66-67A.  Objection because these were  never furnished to Plaintiffs in discovery.  They appear  to be not evidence but rather some kind of visual aids, presumably to illustrate an unspecified witness's testimony.  As such, even they are  allowed by the Court as  visual aids, they  should not go out to the jury as  exhibits

69. NO EXHIBIT.

70.  Objection.  Any guaranty Defendants signed in connection with their loan from Atlantic Capital Bank is irrelevant to any issue in this case.

72. Objection because this is a duplicate exhibit and should not go out to the jury twice.

73.  Objection because this is a duplicate exhibit and should not go out to the jury twice. Also it is incomplete because it does not include the referenced attachment.

81.  Objection because this is a duplicate exhibit that should not go out to the jury twice.

83.     Irrelevant.  This occurred long before the events giving rise to this lawsuit and has no evidentiary value as to any point at issue.

85.     Irrelevant.  This appears to be a duplicate of (10) above.

95. Irrelevant. The fact that Defendants' agent forwarded a marketing brochure to Mr. McPhail is irrelevant to any issue in the case.

96. Irrelevant. The fact that Mr. McPhail indicated that he and Mr. Abernathy had spoken about a theoretical contract, which was never entered into nor would it have even been binding, is not relevant to any issue in the case.

98.  Irrelevant.  What a bank might have offered to finance Defendants' purchase of the shopping center on January 21, 2011, well after Defendants were informed that they could not purchase the center, is not evidentiary of any point at issue.

99.  Irrelevant.  What a bank might have offered to finance Defendants' purchase of the shopping center on January 26, 2011, well after Defendants were informed that they could not purchase the center, is not evidentiary of any point at issue.

100.     This letter was received by Defendants after they had already signed a contract to sell the shopping center to KHY and therefore has no evidentiary value as to any point at issue.

115.  Irrelevant. This agreement happened long before any events which have to do with this case.

116.     Irrelevant.  This occurred long after the events giving rise to this lawsuit and does not relate to the value of the shopping center.  Thus it has no evidentiary value as to any point at issue.

117.    Irrelevant. This occurred long after the events giving rise to this lawsuit and does not relate to the value of the shopping center. Thus it has no evidentiary value as to any point at issue.

118-124.    Irrelevant. Tax values are inadmissible in this lawsuit. It is the universal rule in Georgia and in federal courts that evidence of tax assessed value of property is not admissible as evidence of value except (1) where the assessing authority is a party to the litigation or (2) where it is used to impeach the testimony of the property owner, and in the latter case only where it is shown that the property owner actually and affirmatively returned the property at that value and thus participated in its valuation. An extensive annotation at "Valuation for taxation purposes as admissible to show value for other purposes", 39 A.L.R.2d 209, explores and establishes this point. This will be addressed also in Plaintiffs' reply in support of their motion in limine, which will be filed before or on October 18.

128.    Objection: This is merely a lawyer's opinion as to the effect of the Revised and Amended Operating Agreement. Expert opinion from Mr. Paller has already been excluded from trial.

130-134.    Irrelevant. All these relate to events that occurred long before the events giving rise to this lawsuit and are not evidentiary of any point at issue.

This 14th day of October, 2016.

/s/ Charles C. Stebbins, III
CHARLES C. STEBBINS, III
Georgia Bar No. 677350
Email:  cstebbins@wsmclaw.com
Attorney for Plaintiff

OF COUNSEL:
WARLICK, STEBBINS, MURRAY & CHEW, LLP
Post Office Box 1495
Augusta, Georgia 30903-1495
(706) 722-7543

AO 187 (Rev. 7/87) Exhibit and Witness List

# United States District Court
## *Southern District of Georgia*

J. WAYNE RAIFORD and )
B, T & R ENTERPRISES, LLC )
                    )
        Plaintiffs, )
                    )
v. )
                    )
NATIONAL HILLS EXCHANGE, LLC, )
SNELLVILLE CROSSING, LLC, )
RICHARD D. SWOPE, RONALD I. )
DeTHOMAS, JAMES S. TIMBERLAKE, )
THOMAS L. ABERNATHY, and )
STEVEN E. GAULTNEY, )
                    )
        Defendants. )

EXHIBIT AND WITNESS LIST
CASE NO. 1:11-cv-00152

**DEFENDANTS' EXHIBIT LIST**

(Exhibits marked with * are listed only as rebuttal exhibits
to be used depending on the Court's In Limine rulings)

PRESIDING JUDGE
Hon. J. Randal Hall

PLAINTIFF'S ATTORNEY
Charles C. Stebbins, III

DEFENDANT'S ATTORNEY
David E. Hudson

TRIAL DATES:

COURT REPORTER

COURTROOM DEPUTY

| PLF NO | DEF NO | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS AND WITNESSES |
|---|---|---|---|---|---|
| | 1 | | | | December 29, 2006, Agreement for Purchase and Sale. |
| | 2 | | | | August 3, 2007, Second Amendment to the Agreement for Purchase and Sale. |
| | 2A | | | | April 20, 2007, Everson Huber appraisal. |
| | 3 | | | | September 11, 2007, Sale Closing Statement. |
| | 4 | | | | March 23, 2009, Amended and Restated Operating Agreement of National Hills Exchange. |
| | 5 | | | | August 4, 2010, National Hills Exchange Engagement Letter with Bullock Mannelly Partners. |
| | 6 | | | | September 29, 2010, Notice of Default Letter. |
| | 6A | | | | December 2, 2010, foreclosure ad to newspaper. |
| | 7 | | | | August 11, 2010, email from Jim Timberlake to Garcia. |
| | 8 | | | | August 20, 2010, email from Jim Timberlake to partners. |
| | 9 | | | | August 25, 2010, Jim Timberlake email to partners. |

| | | | | |
|---|---|---|---|---|
| 10 | | | | July 2010 appraisal of Shopping Center. |
| 11 | | | | November 11, 2010, email and proposal to Compass Bank. |
| 12 | | | | November 19, 2010, email from Jackson reporting on Garcia conversation. |
| 13 | | | | November 22, 2010, email from Jackson reporting on Compass Bank conversation. |
| 14 | | | | June 8, 2010, Walter Sprouse email. |
| 14A | | | | August 11, 2010, email from Timberlake that no more funding. |
| 15 | | | | August 25, 1010, Non-disclosure agreement with Electrolux. |
| 16 | | | | July 14, 2010, email correspondence with Compass Bank re: funding for new tenants. |
| 17 | | | | August 24, 2010, Timberlake email to Garcia re Firehouse Subs. |
| 18 | | | | December 20 and December 21, 2010.  Compass Bank settlement proposals. |
| 19 | | | | January 21, 2011, Timberlake to Compass Bank email. |
| 20 | | | | February 11, 2011, email from Debra Jackson to partners re Compass Bank conversation. |
| 21 | | | | February 9, 2011, KHY offer and transmittal email. |
| 22 | | | | February 15, 2011, Timberlake to Garcia requesting latest Compass Bank appraisal. |
| 23 | | | | February 11, 2011, Compass Bank email accepting KHY offer. |
| 24 | | | | April 22, 2011, Settlement Agreement between Compass Bank and NHX. |
| 24A | | | | April 29, 2011, deficiency note and consent judgment. |
| 25 | | | | November 23, 2010, Letter of Intent signed. |
| 26 | | | | December 29, 2010, Electrolux Lease Document. |
| 27 | | | | January 26, 2011, Electrolux Revocation of Lease Signature. |
| 28 | | | | February 4, 2011, Lease with Electrolux. |

01023521.docx

| 29 | | | | What To Do List. | |
|----|--|--|--|-----------------|--|
| 30 | | | | November 16, 2010, email from Mr. Timberlake to Mr. Raiford, et al. | |
| 31 | | | | December 1, 2010, email from Mr. Timberlake to Mr. Raiford, et al. with assessments. | |
| 32 | | | | January 4, 2011, email from Mr. Timberlake to Mr. Raiford requesting financial information to lenders. | |
| 33 | | | | January 4, 2011, Mr. Raiford email to Mr. Timberlake. | |
| 34 | | | | March 15, 2011, letter from Mr. Warlick to Mr. Timberlake. | |
| 35 | | | | March 11, 2011, letter from Mr. Timberlake to Mr. Warlick. | |
| 36 | | | | June 17, 2011, Joint and Several Guaranties. | * |
| 37 | | | | June 17, 2011, Closing Statement. | * |
| 38 | | | | November 16, 2010, email from Mr. Timberlake to Mr. Raiford. | |
| 39 | | | | December 1, 2010, Timberlake to Raiford with upside and downside. | |
| 40 | | | | January 4, 2011, email from Timberlake to Raiford requesting financial statements. | |
| 41 | | | | January 4, 2011, email from Raiford to Timberlake stating CPA would send information. | |
| 42 | | | | January 5, 2011, email from Timberlake to Raiford about CPA contact. | |
| 43 | | | | January 13, 2011, email from Timberlake to Brown stating obstacles and prospective tenant. | * |
| 44 | | | | November 17, 2010, Timberlake to Mike Brown with Operating Statement. | * |
| 45 | | | | November 29, 2010, Timberlake email to Brown with details. | * |
| 46 | | | | LEFT BLANK | |
| 47 | | | | January 6, 2011, email from Timberlake to Brown - statement needed. | * |
| 48 | | | | LEFT BLANK | |

| | | | | | |
|---|---|---|---|---|---|
| 49 | | | | January 21, 2011, email from Timberlake to Brown. All must participate equally. | * |
| 50 | | | | February 15, 2011, email from Timberlake to Brown. Opportunity over. | * |
| 51 | | | | April 26, 2011, email from Timberlake to Raiford and Brown summarizing history of the sale. | * |
| 52 | | | | April 26, 2011, email from Timberlake to Raiford with further explanation. | * |
| 53 | | | | May 17, 2011, email from Timberlake to Raiford and Brown with further details about the deficiency. | * |
| 54 | | | | March 19, 2010, Media General Letter of Intent for Dillard's space. | |
| 55 | | | | April 16, 2010, Media General Buildout Requirements. | |
| 56 | | | | Visual of impact of lease to Media General, Firehouse and Empire. | |
| 57 | | | | August 2, 2010, Walter Sprouse email. | |
| 58 | | | | October 7, 2010, Walter Sprouse email. | |
| 59 | | | | November 22, 2010, email from George Corey to Becky Kicklighter. | |
| 60 | | | | November 22, 2010, Timberlake email to Debbie Jackson. | |
| 61 | | | | November 22, 2010, Debbie Jackson email confirming Compass foreclosure plans. | |
| 62 | | | | November 23, 2010, 10:30 a.m. Debbie Jackson email to Compass with proposal to stop foreclosure. | |
| 63 | | | | November 23, 2010, email from Electrolux, 10:59 a.m., sending signed Letter of Intent. | |
| 64 | | | | November 23, 2010, Debbie Jackson email that afternoon. | |
| 65 | | | | Bullock Mannelly marketing brochure with Letter of Intent disclosure. | |
| 66 | | | | Visuals of what had to be done for Electrolux. | |
| 67 | | | | Visuals of what had to be done for Fresh Market. | |
| 67A | | | | Visual of the parking requirements. | |
| 68 | | | | February 2011 Electrolux public announcement. | |

01023521.docx

| | | | | | |
|---|---|---|---|---|---|
| 69 | | | | **LEFT BLANK** | |
| 70 | | | | June 17, 2011, guarantees signed by partners. | * |
| 71 | | | | May 20, 2011, bond closing with RCDA. | * |
| 72 | | | | November 8, 2010, email from Debra Jackson to Linda Garcia. | |
| 73 | | | | November 23, 2010, Jackson email to Ms. Garcia. | |
| 74 | | | | December 1, 2010, Jackson letter to Garcia. | |
| 75 | | | | December 6, 2010, Timberlake email re Garcia. | |
| 76 | | | | December 13, 2010, Jackson report to NHX. | |
| 77 | | | | December 15, 2010, Jackson to NHX. | |
| 78 | | | | December 20, 2010, Garcia to Jackson. | |
| 79 | | | | January 7, 2011, Jackson letter and email to Garcia. | |
| 80 | | | | January 12, 2011, Jackson email to NHX. | |
| 81 | | | | January 21, 2011, Timberlake email to Garcia. | |
| 82 | | | | February 16, 2011, Compass Bank Problem Asset Summary and Approval. | |
| 83 | | | | August 24, 2010, Timberlake submitting Firehouse Subs lease. | |
| 83A | | | | August 21, 2009, Compass Bank/FDIC agreement. | |
| 84 | | | | June 11, 2011, CBRE Appraisal. | * |
| 85 | | | | July 2010, Everson Huber appraisal. | |
| 86 | | | | December 1, 2010, Everson Huber appraisal. | |
| 87 | | | | October 28, 2010, Bullock email re Garcia call. | |
| 88 | | | | 2010 BMP marketing brochure. | |
| 88A | | | | January 24, 2011, BMP email with list of potential purchasers and previous investor prospects. | |
| 88B | | | | December 8, 2010, Fischer memo of possible prospects. | |
| 89 | | | | February 1, 2011, Garcia email to Fischer. | |
| 90 | | | | January 26, 2011, BMP prospect list to Garcia. | |

01023521.docx

| | | | | | |
|---|---|---|---|---|---|
| 91 | | | | February 1, 2011, BMP prospect to Garcia. | |
| 92 | | | | February 10, 2011, BMP list to Garcia. | |
| 93 | | | | February 11, 2011, BMP list to Garcia. | |
| 94 | | | | February 17, 2011, BMP list to Garcia. | |
| 95 | | | | January 24, 2011, email from Fischer to McPhail with marketing material. | |
| 96 | | | | January 25, 2011, McPhail email to BMP. | |
| 97 | | | | September 22, 2010, BMP letter to Garcia. | |
| 98 | | | | January 14, 2011, letter from State Bank & Trust. | * |
| 99 | | | | January 26, 2011, letter from GE Capital. | * |
| 100 | | | | March 23, 2011, letter from Amos at State Bank & Trust. | * |
| 101 | | | | April 15, 2011, Supplemental Agreement to Economic Development Agreement. | |
| 102 | | | | April 22, 2011, First Lease Amendment. | |
| 103 | | | | August 9, 2011, Second Amended to Electrolux lease. | |
| 104 | | | | January 18, 2011, DeThomas emails to Jerome. | |
| 105 | | | | December 8, 2010, Confidentiality Agreement. | |
| 106 | | | | April 22, 2011, personal guarantee by Harrell. | |
| 107 | | | | April 22, 2011, Put Option Agreement. | |
| 108 | | | | April 22, 2011, Security Deed. | |
| 109 | | | | April 22, 2011, Loan Closing Statement. | |
| 110 | | | | June 17, 2011, Long Closing Statement. | * |
| 110A | | | | June 22, 2011, Subordination Agreement. | * |
| 111 | | | | June 17, 2011, Security Deed. | * |
| 112 | | | | June 21, 2011, budget for National Hills. | * |
| 113 | | | | April 22, 2011, Second Amendment to Fresh Market lease. | |
| 114 | | | | May 20, 2011, closing with RCDA. | * |
| 115 | | | | August 27, 2007, original Fresh Market lease. | |

| | | | | | |
|---|---|---|---|---|---|
| 116 | | | | October 5, 2011, NHEP letter stating Electrolux open September 19. | |
| 117 | | | | October 5, 2011, Swope letter to Koch at Fresh Market. Parking to be finished in two weeks. | |
| 118 | | | | May 13, 2011, Richmond County tax notices. | |
| 119 | | | | May 11, 2012, Richmond County tax notice. | |
| 120 | | | | July 13, 2012, Richmond County tax notice. | * |
| 121 | | | | October 12, 2012, Richmond County tax notice. | * |
| 122 | | | | November 15, 2012, property tax statement. | * |
| 123 | | | | 2012 property tax statement revised. | |
| 124 | | | | May 9, 2014, Richmond County tax notices. | * |
| 125 | | | | April 18, 2011, NHEP request that A&T manage the Shopping Center. | |
| 126 | | | | August 24, 2007, Operating Agreement.  Rees Holding, owner. | * |
| 127 | | | | March 5, 2008, transfer from Rees to Snellville Crossing. | * |
| 128 | | | | January 13, 2009, Paller letter to members. | |
| 129 | | | | April 17, 2009, Amended and Restated Operating Agreement for NHX. | |
| 130 | | | | February 17, 1999, Deed to BT&R. | |
| 131 | | | | February 18, 1999, *The Augusta Chronicle* article. | |
| 132 | | | | June 15, 2004, Windsor Assignment of Interest to Raiford. | |
| 133 | | | | October 18, 2004, Boykin Assignment of Interest to Raiford. | |
| 134 | | | | February 27, 2008, BT&R letter acknowledging receipt of note payment and interest. | |

CERTIFICATE OF SERVICE

This is to certify that on this day, I electronically filed my Objection to Defendants'

Exhibits using the CM/ECF System and have this day served all parties in this case with a

copy in accordance with the directives from the Court by Notice of Electronic Filing

("NEF") which automatically generates an email notification as a result of electronic filing

to the following attorneys of record:

> David E. Hudson, Esq.
> Attorney for Defendants
> dhudson@hullbarrett.com

> N. Shannon Gentry Lanier, Esq.
> Attorney for Defendants
> SLanier@hullbarrett.com

This the 14th day of October, 2016.

> /s/ Mitchell B. Snyder
> MITCHELL B. SNYDER
> Georgia Bar No. 382138
> Email: msnyder@wsmclaw.com
> Attorney for Plaintiff

OF COUNSEL:
WARLICK, STEBBINS, MURRAY & CHEW, LLP
Post Office Box 1495
Augusta, Georgia 30903-1495
(706) 722-7543